IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME ABDUL KEMP | : | CIVIL ACTION |
| | : | |
| v. | : | No. 15-6268 |
| | : | |
| CYNTHIA LINK, et al. | : | |

### ORDER

AND NOW, this 22nd day of September, 2016, upon careful and independent consideration of Petitioner Jerome Abdul Kemp's pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, and after de novo review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski and Kemp's objections thereto, it is ORDERED:

1. Kemp's objections to the Report and Recommendation (Documents 6 & 8) are OVERRULED[1];

---

[1] On October 16, 2015, the Pennsylvania Board of Probation and Parole (Parole Board) ordered Kemp recommitted to a state correctional institution to serve 18 months of backtime as a convicted parole violator based on his conviction for the offense of possession of a firearm by a prohibited person. *See* Notice of Board Decision, ECF No. 5. According to Kemp's habeas petition and the docket in the firearm possession case, Kemp was arrested on the firearm possession charge in December 2010, while on parole in another criminal case, but was not convicted of that charge until November 2013, after the maximum term of his sentence in the underlying criminal case expired on July 27, 2012. *See* Pet'n 5-6; Docket in *Commonwealth v. Kemp*, No. CP-46-CR-0000323-2011 (Pa. Ct. Com. Pl. filed Dec. 7, 2010), https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-46-CR-0000323-2011 (last visited Sept. 22, 2016). Kemp seeks relief from the Parole Board's sentence, which he contends violates "the collateral estoppel doctrine, double jeopardy, cruel & unusual punishment, due process & equal protection of the law" because the Parole Board lacked authority to recommit him following the expiration of his maximum sentence date. Pet'n 5.

At the time he filed his federal habeas petition on November 16, 2015, Kemp's administrative appeal of the Parole Board's recommitment decision remained pending, *id.* at 8, and it was therefore apparent from the face of his habeas petition that Kemp had not exhausted available state remedies, a process that, in the case of a decision by the Parole Board, consists of an administrative appeal to the Parole Board, followed by review in the Commonwealth Court and, ultimately, a petition for allowance of appeal in the Pennsylvania Supreme Court, *see Williams v. Wynder*, 232 F. App'x 177, 178-81 (3d Cir. 2007); *Pagan v. Pa. Bd. of Prob. & Parole*, No. 08-150, 2009 WL 210488, at *3 (E.D. Pa. Jan. 22, 2009). Accordingly, the Magistrate Judge recommended that Kemp's habeas petition be dismissed without prejudice for

failure to exhaust. On February 1, 2016, a few weeks after the Report and Recommendation (R&R) was issued, and just days after this Court received Kemp's original objections to the R&R, the Parole Board issued a letter denying Kemp's administrative appeal and affirming its prior decision. Kemp thereafter filed a petition for review in the Commonwealth Court, which remains pending. *See* Pet'r's Suppl. to Written Objs., ECF No. 8, at 3; Docket in *Kemp v. Pa. Bd. of Prob. & Parole*, No. 206 CD 2016 (Pa. Commw. Ct. filed Feb. 10, 2016), https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=206+CD+2016 (last visited Sept. 22, 2016). In April 2016, the Public Defender of Montgomery County was appointed to represent Kemp in the Commonwealth Court.

  As explained in the R&R, a federal court ordinarily may not grant a habeas petition filed by a prisoner in custody under a state court judgment unless the applicant has first exhausted the remedies available in the state courts. *See* 28 U.S.C. § 2254(b)(1)(A); *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010). The exhaustion requirement may be excused when "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i), (ii). An applicant will not be deemed to have exhausted available state remedies, however, "if he has the right under the law of the State to raise, by any available procedure, the question presented." *Id.* § 2254(c).

  In his objections to the R&R, Kemp invokes both exceptions to the exhaustion requirement, arguing (1) the state corrective process is unavailable to him because the Department of Corrections, the Parole Board, and/or the state courts lost jurisdiction over him and/or his underlying criminal case upon the expiration of his maximum sentence date in that case on July 27, 2012, and (2) delays in the state corrective process render that process ineffective to protect his rights. Both objections lack merit.

  As to the availability of the state corrective process, even if Kemp is correct that the Parole Board lacked jurisdiction to recommit him following the expiration of his maximum sentence date, it does not follow that Kemp is without a state remedy for his illegal detention. To the contrary, Kemp may raise his jurisdictional challenge to the Parole Board's action in the state courts. *See, e.g.*, *Adams v. Pa. Bd. of Prob. & Parole*, 885 A.2d 1121, 1122-24 (Pa. Commw. Ct. 2005) (addressing a parolee's argument that the Parole Board lacked jurisdiction to recommit him based on a conviction incurred after the expiration of the maximum term of his original conviction, and noting the scope of the Commonwealth Court's review of a Parole Board order includes "determining whether necessary findings were supported by substantial evidence, an error of law was committed, or a constitutional right was violated"); *Holland v. Pa. Bd. of Prob. & Parole*, 640 A.2d 1386, 1387 (Pa. Commw. Ct. 1994) (same).

  As to Kemp's delay argument, while "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable," *Cristin v. Brennan*, 281 F.3d 404, 411 (3d Cir. 2002) (quoting *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986)), Kemp has not shown the state corrective process is ineffective here. In his original objections, filed while his administrative appeal was still pending, Kemp focused primarily on the Parole Board's failure to act on his administrative appeal within 30 days of its November 12, 2015, submission date, as he contends the Board was required to do under the rules governing such appeals. As an initial matter, the time frame for Parole Board action cited by Kemp appears to be incorrect, as the Administrative Code provision concerning appeals from Parole Board decisions specifies an appeal of a revocation decision must be "*received* at the Board's Central Office within 30 days of the mailing date of the Board's order," but does not specify a time in which the Board must resolve the appeal. 37 Pa. Code § 73.1(a)(1) (emphasis added). But

2. The Report and Recommendation (Document 3) is APPROVED and ADOPTED;

3. Kemp's Petition for Writ of Habeas Corpus (Document 1) is DISMISSED without prejudice for failure to exhaust state court remedies;

4. There is no probable cause to issue a certificate of appealability; and

5. The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:

   /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

regardless of whether the Parole Board should have acted sooner, the Board resolved Kemp's appeal on February 1, 2016, approximately two and a half months after receiving it on November 19, 2015, and Kemp has since filed a petition for review in the Commonwealth Court. This further appeal has been pending for approximately seven months, during which time counsel has been appointed for Kemp and his brief has been filed. After two extensions, the Parole Board's brief is due to be filed within the next two weeks. In these circumstances, the Court cannot conclude Kemp has been subject to the sort of inordinate delay that would render state remedies ineffective or unavailable. *Cf. Cristin*, 800 F.2d at 411 (noting a 33-month delay in PCRA proceedings is the shortest delay the Third Circuit has found to render state collateral proceedings ineffective for purposes of the exhaustion requirement).